STATE EX REL. LOUIS ENSTROM v. S. G. BERTILRUD.[1]

February 15, 1918.

No. 20,725.

**County not liable for state wolf bounty.**

1. Under G. S. 1913, § 5197, a county cannot be compelled to pay the wolf bounty offered by the state and payable out of state funds in the absence of a state fund out of which the county can be reimbursed, though the statute contemplates that in ordinary course and as a matter of convenience the county shall first pay.

**County liable for county wolf bounty.**

2. The additional wolf bounty offered by a county under G. S. 1913, § 5198, which is a primary charge upon the county, is payable irrespective of the payment of the state bounty or the condition of the state bounty fund.

**Resolution of county board not repealed.**

3. A resolution of a county board *held* not to repeal a previously passed resolution giving a county wolf bounty.

Upon the relation of Louis Enstrom the district court for Roseau county granted its alternative writ of mandamus directed to S. G. Bertilrud, county auditor of that county, commanding him to issue to relator a county auditor's warrant for a wolf bounty. Relator demurred to respondent's return. The matter was heard by Watts, J., who made findings and ordered judgment for relator. From a judgment entered pursuant to the order for judgment, respondent appealed. Modified.

*M. J. Hegland,* for appellant.

*G. M. Stebbins, D. E. Tawney* and *S. H. Somsen,* for respondent.

DIBELL, C.

Mandamus to compel the county auditor of Roseau to issue to the relator a warrant for a wolf bounty. From a judgment for the relator the auditor appeals.

[1] Reported in 166 N. W. 405.

1. The statute provides for a wolf bounty of $7.50 "to be paid by the state out of the revenue fund." G. S. 1913, § 5197. The method of payment is this: The auditor identifies the animal killed and issues a warrant upon the county treasurer. He then transmits to the state auditor copies of his certificate and warrant and the latter returns his warrant upon the state treasurer in favor of the county for the amount paid. G. S. 1913, § 5200. There has not been an appropriation for wolf bounties since 1913 and there is not now a fund against which the state auditor can draw. The wolf was killed in February, 1916, and the relator earned the bounty. If entitled, under the circumstances stated, to pay from the county, he should have a warrant. Counsel for the auditor concedes that the legislature might provide a wolf bounty and charge the county with its payment. His contention is that it has not done so. The entirely clear intent of the statute is to put ultimate liability upon the state and not at all upon the county. The payment by the county in the first instance is a part of the means adopted by the state for getting the state's reward to the one who has earned it. The difficult question is whether it is intended, there being no state fund, that the county shall pay out of its own funds and await the legislative creation of a state fund. The proper construction is not free of doubt, but it is the view of the majority of the court that it is not intended that, when for lack of an appropriation the state cannot pay the bounty which it has promised, the county must pay and await the creation by the state of a fund. It is accordingly held that under the circumstances stated the relator cannot compel the county to pay the state bounty, but must await the creation of a state fund.

2. The county board is authorized to add to the reward offered by the state and itself pay such added amount. G. S. 1913, § 5197. By appropriate resolution the county board offered an additional reward of $2.50. No reason occurs why this amount, which is a primary charge upon the county, should not now be paid, although the state bounty must await an appropriation.

3. Before the bounty was earned the county board passed a resolution reciting the lack of a state appropriation and instructing the auditor not to issue warrants until there was an assurance that funds for their payment would be provided. It is claimed by the auditor that this was

a rpeeal of the county wolf bounty. We do not take this view. It was a direction to the auditor relative to warrants for state bounties and did not affect county bounties.

The judgment is modified so that it will require the issuance of a warrant for the county bounty alone. No statutory costs will be allowed against the relator.

Judgment modified.